## Moran v. Kennedy

*Jon A. Barkman,* for plaintiff.
*Alexander Ogle,* for defendant.

COFFROTH, *P.J.,* January 10, 1984—Defendants have filed preliminary objections to plaintiff's complaint raising several issues, but all have been withdrawn except the demurrer which asserts that even if all averments in the complaint are true, plaintiff as a matter of law has no valid case against defendants and cannot recover.

The issue boils down to this: where a coal mining lease provides for an advance down payment of a lump-sum royalty of $25,000, and provides for recoupment of the advanced royalty at the rate of one dollar per ton mined, and less than 25,000 tons are removed under the lease, is the operator entitled

to that portion of the advanced royalty not recouped at the contract rate, where the lease describes the advance royalty as "minimum royalties paid on the first twenty five thousand (25,000) tons of coal mined and removed?" We answer in the negative.

The relevant part of the written agreement between the parties is paragraph 4, subparagraphs a, b and c, which provide as follows:

"a. In consideration of the covenants of sublease contained herein, Moran shall pay Kennedy or his representative the sum of twenty five thousand ($25,000) dollars, at the time of the execution of this agreement which shall be considered as part of the royalties under the terms of this agreement.

b. Moran shall pay to Kennedy the sum of two ($2) dollars per ton for each ton of coal mined and removed until the said Moran has removed twenty five thousand (25,000) tons of coal from the described properties; thereafter, Moran shall pay to Kennedy the sum of one ($1) dollar per ton for each ton of coal mined and removed; furthermore, Kennedy agrees that Moran shall be able to recoup by deduction one ($1) dollar per ton of coal mined and removed from minimum royalties paid on the first twenty five thousand (25,000) tons of coal mined and removed.

c. Moran agrees to pay to Kennedy all of the royalties due to surface and mineral owners under the leases attached hereto, which Kennedy shall pay pursuant to the terms of the leases to said lessors." The advance minimum royalty of $25,000 was paid, and an additional $19,613.04 in royalties was paid, making a total amount of royalties paid $44,614.04. A total of 12,546.42 tons of coal were removed in the operation. The royalty payable to surface owners under paragraph 4c supra was one dollar per ton.

```
Tons mined ..............................  12,546.42*
Royalty due (two dollars per
ton less one dollar recoupment,
plus one dollar to surface owners)      x $2
```

```
Total royalty payable...................  $25,092.84
Amounts paid:    $25,000.00
                  19,613.04
```

```
                                          44,613.04
```

```
Overpayment claimed.................  $19,520.02
```

The correct calculation, which coincides in substance with that of defense counsel is as follows:

```
Tons mined ...............................  12,546.42
Royalty due two dollars for
coal and one dollar for surface ...        x $3
```

```
Total royalty payable...................  $37,639.26
CREDITS:
```

```
Recoupment  —  $12,546.42
Paid         —   19,613.04
```

```
                                          32,159.46
```

```
Unpaid balance ..........................  $ 5,479.80
```

It is well-settled that unrecouped minimum royalties in a coal lease are forfeited as "a penalty or liquidated rental for the property, whether or not the coal is mined". Pittsburgh National Bank v. Allison Engineering Co., 279 Pa. Super. 442, 448, 421 A.2d 281 (1980); PLE Mining §58. In the context of the present controversy, the provision for minimum royalties is the virtual equivalent of a covenant to mine

---

* This is the tonnage set forth in defendants' preliminary objections. The complaint uses a different figure, but plaintiff's answer to the preliminary objection admits the correctness of defendants' figure.

the tonnage necessary to produce the minimum royalty at the recoupment rate specified in the lease, in order to hold the lease. Compare Powell v. Burroughs, 54 Pa. 329 (1867); PLE, supra at note 23.

Although Count II of the complaint speaks of a "mutual mistake of fact" in causing the alleged overpayment, and plaintiff's brief states that "if there was no provision for the recoupment of paying back the $25,000 then there was a mutual mistake by and between the parties and must be litigated", plaintiff pleads no cause of action for reformation of contract on the ground of mutual mistake. See Brown v. Shockey, 26 Somerset L.J. 240 (1971).

There is not the slightest doubt about the meaning of this contract.

## ORDER

Now, January 10, 1984, defendants' demurrer is sustained and plaintiff's complaint is dismissed with prejudice. Judgment shall be entered for defendants accordingly.